IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-328-FL-2
NO. 5:16-CV-562-FL

DAVID MICHAEL WESLEY, JR.,            )
                                      )
                    Petitioner,       )
                                      )
        v.                            )            ORDER
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 78, 81), which challenge petitioner's convictions for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 108), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss, and denies petitioner's motions to vacate.

## BACKGROUND

On January 20, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one), and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (counts five and nine). On July 15, 2009, the court sentenced petitioner to consecutive terms of one month imprisonment on count one, 84 months' imprisonment on count

five, and 300 months' imprisonment on count nine, producing an aggregate custodial sentence of 385 months' imprisonment.

On June 26, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) convictions should be vacated in light of Johnson. Petitioner filed supplemental pro se motion on June 29, 2016. On August 3, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay on August 4, 2016. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 23, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 16, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Respondent filed the instant motion to dismiss on January 28, 2020, arguing petitioner's motion to vacate should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 19, 2020, petitioner responded to the motion to dismiss, conceding that Mathis establishes he is not entitled to habeas relief.

**DISCUSSION**

A.    Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255(a).   "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."   Id. § 2255(b).

B.    Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction, and a consecutive term of 25 years' imprisonment for the second conviction.   18 U.S.C. § 924(c)(1).   The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A).   Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

3

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offenses qualify as crimes of violence under subsection (c)(3)(A) (the force clause), his convictions remain valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offenses are Hobbs Act robberies in violation of 18 U.S.C. § 1951,[1] and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Accordingly, petitioner's § 924(c) convictions remain valid, notwithstanding Davis and Simms.

C. Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S.

---

[1]     The superseding indictment charged petitioner with possessing a firearm in furtherance of substantive Hobbs Act robberies as charged in counts four and eight, both of which were dismissed at sentencing. (Superseding Indictment (DE 21) at 3, 5; Judgement (DE 48) at 1). Petitioner's § 924(c) convictions, however, do not require conviction on the predicate crimes of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Furthermore, although counts four and eight alleged defendant committed both substantive and attempted Hobbs Act robberies, the § 924(c) convictions were based solely on substantive Hobbs Act robberies. (See Superseding Indictment (DE 21) at 3-4, 5).

4

473, 483-84 (2000).   After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 108), and DENIES petitioner's motions to vacate (DE 78, 81).   A certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the  26th  day of October, 2020.

LOUISE W. FLANAGAN
United States District Judge

5